IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

**MARIE HANSON,**
    Plaintiff

VS.                                                                     NO. _____
                                                                         **JURY DEMANDED**

**JERRY BLAKEMORE, and**
**TN JUDICIAL COURT**
**SUPPORT, INC.,**
    Defendants

**COMPLAINT**

### Introduction

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law of the State of Tennessee, against Probation Officer Jerry Blakemore ("Defendant Blakemore"), and his employer TN Judicial Court Support Incorporated, Blakemore's employer. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and on the pendent jurisdiction of this Court to entertain claims arising under state law.

2. Venue is proper pursuant to 28 U.S.C. § 1391, as all the Defendants are residents of this district and/or all the acts or omissions which give rise to this cause of action occurred within this district.

3. It is alleged that Defendant Blakemore caused an unreasonable seizure of the person of Marie Hanson ("Plaintiff") by swearing out a warrant containing material misrepresentations, leading to false arrest and imprisonment of her, and maliciously prosecuting her, violating her rights under the Fourth and Fourteenth Amendments to the United States Constitution. It is

alleged that Defendant Blakemore, caused the false arrest and imprisonment of the Plaintiff, and that he maliciously prosecuted the Plaintiff in violation of Tennessee law.

## Parties

4. The Plaintiff was at all material times a resident of Parsons, Decatur County, Tennessee, and of full age.

5. Defendant Jerry Blakemore was at all times relevant to this complaint a duly appointed and acting probation officer in the court system of Perry County, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of the State of Tennessee and/or Perry County, Tennessee.

6. TN Judicial Court Support, Inc. ("TJCSI") is incorporated under the laws of the State of Tennessee and has its principal place of business in Big Sandy, Tennessee.  TJCSI operates a licensed private probation company that serves the General Sessions Court in Perry County, Tennessee, and TJCSI's employees and agents are acting under color of state law in all of their activities with respect to probation services provided in Perry County.

## Facts

7. Plaintiff was convicted of driving on a suspended license in Perry County General Sessions Court on October 23, 2012, following a guilty plea;

8. She was sentenced to a $10.00 fine plus court costs, and six (6) months unsupervised probation;

9. The Plaintiff's sentence was memorialized in a written order signed by the judge and contained no conditions of probation, and required no minimum monthly payment on the fine and cost;

10. Although she was ordered to unsupervised probation, the Plaintiff was instructed to contact a local probation officer initially to provide her contact information;

11. Pursuant to the Rules of Tennessee Private Probation Services Council 1177-2-.01(a) private probation companies are to only supervise, "misdemeanor defendants sentenced by a proper order of probation to be supervised by the private entity…."

12. As instructed, Plaintiff called the probation office, but no one answered, and a voice message indicated that the office was only open on certain days and to call back on those days;

13. Plaintiff took note of the office's days and hours and called back;

14. At that time, she spoke with a person she believes was a probation officer and provided them with her contact information;

15. Plaintiff also told the probation officer that she had no means of transportation;

16. The individual replied that the lack of transportation was no problem, and that since she was unsupervised, she only needed to let them know when she made a payment on fine and costs;

17. On November 30, 2012, just over a month after she was sentenced, Defendant Blakemore, a probation officer with TJCSI, filed a probation violation warrant in which he swore that the Plaintiff was on supervised probation, and had failed to report or pay as ordered;

18. The statements in the violation warrant were materially false and misleading;

19. Based upon these statements, the Court made a probable cause determination that the Plaintiff had violated her probation by failing to comply with the orders of court and the rules of probation;

20. In fact, Plaintiff had done neither;

21. The warrant went unserved for two (2) months, until February 1, 2013, when the Plaintiff's sister was served in error;

22. The violation was reset for April 2013, by order of court to allow the Plaintiff to be served;

23. On February 15, 2013, the Plaintiff was served with a Notice of Hearing, which stated she must appear in court on April 7, 2013, or be arrested; Plaintiff was not advised why she must appear in Court;

24. On March 25, 2013, Plaintiff paid her fine and cost in full to the Perry County General Sessions Court, and reported this payment to the probation office;

25. When she reported her payment, a probation officer with TJCSI, stated she would not need to appear in Court;

26. On April 9, 2013, Plaintiff did as advised, and did not appear for the "probation violation" hearing;

27. At that time, the clerk of court signed as affiant on a warrant for failure to appear for a probation violation hearing;

28. Plaintiff was arrested on June 15, 2013, for failure to appear;

29. At the time of her arrest, Plaintiff's sentence had expired;

30. At no time did Plaintiff fail to follow orders of Court, or rules of probation;

31. The misstatements in the violation warrant were the proximate and actual cause of Plaintiff's arrest.

32. Plaintiff was held for ten (10) days in the Perry County Jail;

33. Upon appearing in court on June 25, 2013, Plaintiff's violation was dismissed on Motion of the State of Tennessee;

**COUNT I - 42 U.S.C. § 1983 Against Defendants**

34. Paragraphs 1 through 33 are incorporated herein by reference as if fully set forth.

35. TJCSI and Blakemore committed the above described actions and/or omissions under the color of law and by virtue of their authority as a probation officer/company in Perry County and substantially deprived Plaintiff's of her clearly established rights, privileges and immunities guaranteed to her as a citizen of the United States in violation of 42 U.S.C. Section 1983, and deprived Plaintiff of the rights guaranteed to her by the Fourth and Fourteenth Amendments of the United States Constitution including, but not limited to:

- a. Freedom to be secure at one's property and home;
- b. Freedom from unreasonable search and seizure of their persons;
- c. Freedom from derivation of liberty and property without due process of law;
- d. Freedom from false arrest and imprisonment;
- e. Freedom from malicious prosecution;
- f. Freedom from arbitrary governmental activity which shocks the conscience of a civilized society.

36. In violating the Plaintiff's rights as set forth above, Defendant Blakemore acted under color of state law and caused the unreasonable and illegal seizure of the Plaintiff in violation of the Plaintiff's clearly established rights under the Fourth and Fourteenth Amendments to the Constitution.

37. Defendant Blakemore caused Plaintiff to be falsely arrested and imprisoned without probable cause where she remained in jail for ten (10) days before her release.

38. Defendant Blakemore further maliciously prosecuted the Plaintiff in violation of her rights under the Fourth and Fourteenth Amendments when he swore out a warrant that lacked probable cause and contained false statements.

39. Said affidavit was the sole and driving force behind legal process being issued against the Plaintiff.

40. The charge was later dismissed on Motion of the State of Tennessee.

41. As a direct and proximate result of the violation of his constitutional rights by the Defendants, the Plaintiff suffered damages as set forth hereinabove and is entitled to relief under 42 U.S.C. § 1983.

42. The conduct of the Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

## COUNT II – State Law Claims of False Arrest and Imprisonment

### Against Defendants

43. Paragraphs 1 through 42 are incorporated herein by referenced as though fully set forth.

44. In committing the acts complained of herein, Defendant Blakemore acted under color of state law by causing the false arrest and imprisonment of Plaintiff with no basis in fact or law to do so.

45. The Plaintiff was detained and restrained against her will, both in the squad car and later at the Perry County Jail, where she was held for ten (10) days without probable cause for her arrest or imprisonment.

46. As a direct and proximate result of the violation, the Plaintiff suffered serious and personal injuries and damages as set forth hereinabove.

## COUNT III – State Law Claim of Malicious Prosecution

### Against Defendants

47. Paragraphs 1 through 46 are incorporated herein by referenced as though fully set forth.

48. The probation violation was brought against the Plaintiff absent probable cause.

49. The charge was brought against the Plaintiff maliciously, in willful, wanton, reckless, and/or oppressive disregard of the Plaintiff's rights.

50. Upon information and belief, Defendant Blakemore's affidavit was the sole and driving factor in the issuance of legal process against the Plaintiff.

51. The charge was dismissed on Motion of the State of Tennessee.

52. The Plaintiff suffered incarceration, humiliation, embarrassment and financial damages as a result of having to contest the charge.

WHEREFORE, the Plaintiff requests that this Court:

a. Empanel a jury to try the issues herein;

b. Award compensatory damages to the Plaintiff against the Defendants, jointly and severally;

c. Award the Plaintiff punitive damages;

d. Award costs of this action to the Plaintiff;

e. Award reasonable attorney's fees to the Plaintiff pursuant to 42 U.S.C. § 1988;

f. Award such other and further relief as this Court may deem appropriate.

Respectfully submitted,

s/ Leanne A. Thorne
Leanne A. Thorne, BPR #023481
P. O. Box 262
Lexington, TN  38351
(731) 968-9810
thornelaw@hotmail.com